# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| THOMAS EDWARD REDMOND, SR. | Cause No. CV 10-41-H-DWM-RKS |
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT |
| vs. | |
| DR. RANTZ, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Thomas Redmond's Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint alleging denial of medical care. (Court Doc. 2). This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Redmond's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 1

After conducting the prescreening process mandated by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Court finds that Mr. Redmond's claims are barred by the applicable statute of limitations.  Therefore, the Court will recommend this case be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Redmond submitted a declaration and account statements sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Redmond is required to pay the statutory filing fee for this action of $350.00.  Mr. Redmond submitted account statements showing average monthly deposits of $96.06 over the six months immediately preceding the filing of this action.  Therefore, an initial partial filing fee of $19.21 will be assessed by this Order.  28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits).  By separate order, the Court will direct the appropriate agency to collect

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 2

the initial partial filing fee from Mr. Redmond's account and forward it to the Clerk of Court.

Thereafter, Mr. Redmond will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Redmond's prison trust account.  The percentage is set by statute and cannot be altered.  *See* 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the agency having custody of Mr. Redmond to forward payments from Mr. Redmond's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Mr. Redmond's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 3

## II.  STATEMENT OF CASE

### A.    Parties

Mr. Redmond is a state prisoner proceeding without counsel.  He is currently incarcerated at Montana State Prison.

The named Defendants are: Dr. Rantz, Dr. Evans, Dr. Kohut, Dr. Channer, and Ed Foley.

### B.    Allegations

Mr. Redmond had two hip replacement surgeries at Montana State Prison in 2005 and 2006.  In August of 2006, he began to have severe pain in his right hip, the first hip to be replaced.  His therapist at the prison notified Drs. Rantz and Evans that Mr. Redmond needed additional therapy and the current regime was insufficient to achieve a successful rehabilitation of the hip joints.  The request for additional therapy was denied by Drs. Rantz and Evans, who stated they did not believe in therapy.  Dr. Evans reportedly said her patients on the street rehabilitated themselves without assistance.  (C.D. 2–Complaint, p. 5).

In  September 2007, Mr. Redmond saw an orthopedic specialist, Dr. Sukin, who ordered x-rays and a bone scan of his hip joints.  Dr. Sukin determined a part in Redmond's right hip was loose because he had not received the proper care and post-operative physical therapy. Id.

As a result, Mr. Redmond has not been able to get his hip repaired, he is disabled, he cannot work at his profession, and he is in constant pain.  (Court Doc. 2–Complaint, p. 5).

## III. SCREENING PER 28 U.S.C. § 1915(e)(2)

### A.    Standard

As Mr. Redmond is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200,

167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility

that a defendant has acted unlawfully.  Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of

the line between possibility and plausibility of entitlement to relief."

*Iqbal,* 129 S.Ct. at 1949(internal quotation marks and citation omitted.)

The court may "begin by identifying pleadings that, because they

are no more than conclusions, are not entitled to the assumption of

truth."  *Iqbal,* 129 S.Ct. at 1950.  Legal conclusions must be supported

by factual allegations.  *Iqbal,* 129 S.Ct. at 1950.  "When there are

well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement

to relief."  *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally

construed,' and 'a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by

lawyers'."  *Erickson,* 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All

pleadings shall be so construed as to do substantial justice.")  If a

plaintiff attaches documents to their complaint, the court is not limited

to the complaint and may consider these documents when determining

whether the plaintiff can prove any set of facts in support of the claim.

*During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Although the statute requires a dismissal for the reasons stated,

it does not deprive the district court of discretion to grant or deny leave

to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The

court can decline to grant leave to amend if "it determines that the

pleading could not possibly be cured by the allegation of other facts."

*Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497

(9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants

unless it is "absolutely clear that the deficiencies of the complaint could

not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.

1980)).

B.  Statute of Limitations

Mr. Redmond's claims are barred by the applicable statute of

limitations.  The United States Supreme Court in Wilson v. Garcia, 471

U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.  In Montana, that period is three years after the action accrues.  Mont. Code. Ann. § 27-2-204(1). Mr. Redmond signed his original Complaint on August 15, 2010, accordingly, any claims arising prior to August 15, 2007 are barred by the statute of limitations.

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues.  Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers, 174 F.3d at 991; Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 10

Mr. Redmond's hip replacement surgeries occurred in 2005 and 2006. He alleges in August of 2006 he began to experience severe pain in his right hip, the first hip replaced. Sometime in 2006, a therapist told Redmond he needed additional therapy but Drs. Rantz and Evans denied the therapy. Mr. Redmond suggests he did not know the extent of his injuries until he saw Dr. Sukin in September 2007. But claims accrue "even though the full extent of the injury is not then known or predictable." Wallace, 549 U.S. at 391. Even assuming Mr. Redmond did not know the full extent of the injury until September of 2007, he was suffering pain in his hip in August 2006 and he was told prior to August 2007 that Defendants denied him needed therapy. His claims thus accrued prior to August 15, 2007 and accordingly are barred by the applicable statute of limitations.

## III. CONCLUSION

Mr. Redmond failed to file his Complaint within the applicable statute of limitations. This is not a defect which could be cured by

amendment.  Accordingly, Mr. Redmond's Complaint should be dismissed with prejudice.

A.    "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  This case should be designated as a "strike" under this provision because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted.  Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798 (2007).

B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
   (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 12

entitled to proceed in forma pauperis and states in
writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it

is not taken in good faith."  The good faith standard is an objective one.

See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff

satisfies the "good faith" requirement if he or she seeks review of any

issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th

Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section

1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225

(9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court

need only find that a reasonable person could suppose that the appeal

has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

The finding that Mr. Redmond failed to file within the applicable

statute of limitations is so clear no reasonable person could suppose an

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 13

appeal would have merit.  Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

ORDER

1.  Mr. Redmond's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) is GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is DEEMED FILED on August 20, 2010.

3.  At all times during the pendency of this action, Mr. Redmond SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Redmond has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief.  Failure to

file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Redmond's Complaint should be DISMISSED for failure to file within the applicable statute of limitations.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Redmond's failure to file within the applicable statute of limitations.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Mr. Redmond's failure to file within

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 15

the applicable statute of limitations is so clear no reasonable person

could suppose an appeal would have merit.  The record makes plain the

instant Complaint is frivolous as it lacks arguable substance in law or

fact.

### NOTICE OF RIGHT TO OBJECT TO
### FINDINGS & RECOMMENDATIONS AND
### CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Redmond may serve and

file written objections to these Findings and Recommendations within

fourteen (14) days of the date entered as indicated on the Notice of

Electronic Filing.  Any such filing should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those

portions of the Findings and Recommendations to which objection is

made.  The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge and

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 16

may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of September, 2010.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT–
CV 10-00041-H-DWM-RKS / PAGE 17