

FILED
OCT 0 8 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| THOMAS EDWARD REDMOND, SR. | ) | CV 10-41-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RANTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Tomas Edward Redmond, Sr., a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 alleging denial of medical care. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendations on September 15, 2010, recommending that Redmond's Complaint be dismissed for failure to file within the applicable statute of limitations. Redmond timely objected to the Findings and

1

Recommendations on September 28, 2010,[1] and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Redmond's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

As relevant here, Redmond's August 2010 Complaint alleges that he began to experience severe pain in his right hip after surgeries in 2005 and 2006, and as a result his therapist recommended additional therapy in August 2006. This request, allegedly, was denied by his doctors because they did not believe in therapy. Judge Strong determined three years to be the applicable statute of limitations period for this action, and that Redmond's claims accrued more than three years prior to his filing the Complaint.

Redmond acknowledges that his claims are subject to a three-year statute of limitation, but he objects that his claims accrued within the applicable time period because he did not "understand the nature or extent" of his injury until he consulted with an orthopedic specialist in September 2007. Pl.'s Objections at 2. The fact that Redmond did not learn the "full extent" of his injury until September

---

[1] Although Redmond dated his objections October 26, 2010, they were received and filed on September 28, 2010.

2

2007 is not relevant to when his claims accrued. A claim accrues "when the plaintiff knows or has reasons to know of the injury which is the basis of the action," TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999), not when the full extent of the injury is known. Wallace v. Kato, 549 U.S. 384, 391 (2007).

Next, Redmond argues the Court should find his complaint timely based on Bevacqua v. Union Pac. R.R. Co., 960P.2d 273 (Mont. 1998). In that case, the Montana Supreme Court noted that a complaint should not be dismissed for violating the applicable statute of limitations if the untimeliness is the result of misrepresentations made by the defendants. Id. at ¶ 50. There is no misrepresentation here that would justify the Court not enforcing the statute of limitations. As discussed above, Redmond claims he knew of his injury and was told by defendants that they were denying him medical care in August 2006.

Finally, Redmond argues that he should have the right to amend his Complaint. His Complaint, however, alleges claims that are barred by the applicable statute of limitations. Amending it would not cure the defect.

Accordingly, the Court issues the following:

### ORDER

1. The Findings and Recommendations (dkt #4) are adopted in full;

2. Plaintiff's Complaint is DISMISSED for failure to file within the

applicable statute of limitations. The Clerk of Court shall enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

3. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g);

4. The docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

This case is CLOSED.

Dated this 8th day of October, 2010.

Donald W. Molloy, District Judge
United States District Court